IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WAYLON D. HOFFMAN                                                    PLAINTIFF

                 v.                          Civil No. 07-5183

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Waylon Hoffman, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for disability insurance benefits ("DIB") and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background**

The plaintiff protectively filed his applications for DIB and SSI on August 27, 2004, alleging an onset date of August 18, 2003, due back problems, low intellectual functioning, reading disorder, mathematics disorder, and a disorder of written expression. (Tr. 158, 161). Following denial of plaintiff's claims initially and on reconsideration, an administrative hearing was held on July 12, 2006. (Tr. 189-232). Plaintiff was present and represented by counsel.

At this time, plaintiff was 26 years of age with past relevant work ("PRW") as a certified nurse aide and a janitor. (Tr. 116, 121, 125, 467, 470-474).

On November 16, 2006, the ALJ found that plaintiff's impairments did not significantly limit his ability to perform work-related activities for 12 consecutive months. (Tr. 16). Therefore, he concluded that plaintiff's impairments were non-severe. (Tr. 16). Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on August 29, 2007. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 4, 6).

**Standard of Review**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

**Applicable Law**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

**Discussion**

Of particular concern to the undersigned is the ALJ's determination that none of plaintiff's impairments were severe. Step two of the evaluation states that a claimant is not disabled if his impairments are not "severe." *Simmons,* 264 F.3d at 754; 20 C.F.R. § 416.920(a)(4). An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir.2007). It is the claimant's burden to establish that his impairment or combination of impairments are severe. *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir.2000). Severity is not an onerous requirement for the

claimant to meet, *see Hudson v. Bowen,* 870 F.2d 1392, 1395 (8th Cir. 1989), but it is also not a toothless standard.

In the present case, plaintiff has complained of lower back pain on numerous occasions. He was diagnosed with lumbar strain and prescribed Percocet, Darvocet, Flexeril, physical therapy, and trigger point injections to treat his pain. (Tr. 198, 200, 206, 217, 221, 227, 230, 260-261, 377-378, 392, 363-372, 374, 401 ). An MRI of his lumbar spine in September 2003 revealed minimally diffuse disc bulging at the L3-4 and L4-5 levels which slightly deformed the anterior thecal sac. (Tr. 246). In October 2003, an MRI of plaintiff's thoracic spine revealed disc space narrowing at the T3-4 level and a focal disc protrusion centrally that abutted and could slightly impinge upon the ventral thoracic spinal cord; disc space narrowing with minimal annular bulging at the T7-8 and T8-9 levels; and, a rounded focus of the T2 lengthening with enhancement at the T5 level and minimal T1 shortening, probably a hemangioma. (Tr. 242).

X-rays of plaintiff's lumbar spine dated November 25, 2003, revealed six lumbar segments. (Tr. 267). It appeared that the last segment was moveable with lucency through the area where the transverse process abutted the sacral ala. There was a small disc space at that level with no pathologic motion noted on flexion or extension. This appeared to be a moveable disc and was read out as the L5-S1, but was actually the L6-S1. There was marked disc settling in this area and mild retrolisthesis in neutral and slightly accentuated in extension at the L5-L6 levels. There was also an accentuation of anterior splaying of the disc space at that level indicative of some degree of disruption. (Tr. 267). However, the doctors could not say for certain that these findings were the cause of plaintiff's pain.

An examination in May 2005 revealed a decreased ROM in the cervical spine with decreased lateral bending. (Tr. 388-390). Then, in November 2005, plaintiff had localized thoracic muscle spasm, bilateral tenderness to palpation in the paravertebral muscle mass in the thoracic spine, and decreased cervical ROM. (Tr. 373-374).

The ALJ discredited plaintiff's complaints, stating that they were not supported by the objective medical evidence. However, an ALJ "may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (per curiam order). As detailed above, the record makes clear that the plaintiff was suffering from back pain. Further, objective tests indicated that plaintiff suffered from a back impairment. While we note that his doctors were unable to rate his level of impairment utilizing the American Medical Association's ratings, Dr. James Blankenship did restrict plaintiff to light level work, lifting no more than 25 pounds. (Tr. 255, 261). He indicated that this restriction should remain permanent unless a significant change occurred in plaintiff's clinical condition. (Tr. 248-249). In fact, on March 23, 2004, plaintiff underwent a functional capacity evaluation. (Tr. 279-282). Testing revealed that plaintiff could occasionally lift 25 pounds, occasionally push and pull 135 pounds, and occasionally sit, stand, walk, climb stairs, and squat. His lumbar flexion was at 55 degrees, extension at 20 degrees, right side bending at 14 degrees, and left side bending at 14 degrees. (Tr. 279-282). As such, we believe that this case should be remanded to allow the ALJ to reconsider the severity of plaintiff's impairment.

Given the allegations concerning plaintiff's intellectual abilities, on remand, it is also highly suggested that the ALJ order a consultative psychological evaluation to include

intellectual testing. Should it be determined that the plaintiff does suffer from a learning disability or an inability to read, this information should be included in a hypothetical posed to the vocational expert.

**Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 28th day of July 2008.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE