IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

W AYLON D. H OFFMAN                                                            PLAINTIFF

VS.                                           CIVIL NO. 07-5183

MICHAEL J. ASTRUE,                                                             DEFENDANT
COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION

## **O R D E R**

Plaintiff, Waylon Hoffman, appealed the Commissioner's denial of benefits to this court. On July 28, 2008, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 7). Plaintiff now moves for an award of $4,181.30 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 27.80 attorney hours at an hourly rate of $146.00, 1.50 paralegal hours at an hourly rate of $50.00, and expenses in the amount of $47.50. (Doc. # 9-2). The defendant has filed a response, expressing no objection to this award. (Doc. # 11).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the record, we find plaintiff is the prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand

counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991), quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff requests attorney's fees under the EAJA at a rate of $146.00 an hour based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074

(8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes her argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that plaintiff's counsel is entitled to $146.00 per hour.

We next address the number of hours plaintiff's counsel claims she spent working on this case. Plaintiff's counsel seeks reimbursement for a total of 4.75 hours of attorney work performed between September 4, 2007, and October 23, 2007. The Complaint was not filed in this court until October 23, 2007. (Doc. # 1). Time spent at the administrative level is generally not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). After reviewing counsel's itemized billing statement, we note that the majority of the requested hours was for time spent by the attorney in preparation for the filing of the Complaint with this court and should be allowed. However, we find that the .50 hour requested for reviewing the file and preparing correspondence to the client and the 1.50 hour sought for drafting the complaint and reviewing the summons and civil cover sheet are not compensable by EAJA, as these tasks could have been performed by support staff. *See Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Therefore, 2.00 hours should be deducted from the total number of compensable hours.

Likewise, counsel requests reimbursement for .25 hours for receiving the NEF that the complaint was filed and summonses were issued; .25 hours for receiving the paper copy of the complaint in the main and instructing her staff with regard to service; .25 hours for reviewing service of process for signature; .50 hours for corresponding with the client regarding the status of the case; .25 hours for reviewing the file for affidavits of service; .50 hours for receiving answer and transcript and calendaring brief deadline; and .50 hours for reviewing the file. The court finds that most of these tasks could have been performed by support staff. *See id.* Therefore, 2.50 attorney hours must be deducted from the total compensable time sought by counsel.

Further, counsel seeks compensation for 15.00 hours for the preparation of plaintiff's brief. We find this time to be excessive. The courts notes that the administrative transcript in this case was only 497 pages in length. After due consideration, the Court has concluded that 13.00 hours is reasonable compensation for the preparation of the brief in this case. The transcript in this case is neither above average nor exceptional in length. Accordingly, 2.00 hours will be deducted.

Counsel has also requested .10 hour for completing the consent forms, .10 hour for receiving and reviewing the consent form, .50 hour for reviewing the answer to the complaint and transcript, .25 hour for reviewing the scheduling order, .10 hour for a telephone conference with opposing counsel, .25 hour for reviewing the defendant's motion for extension of time to file their brief, 1.25 hours for reviewing the defendant's brief, and 1.50 for reviewing the memorandum opinion and order. We note that the consent form is a 1 page standard document filed in all consent cases, and the scheduling order is a text only docket entry consisting of one

paragraph. The answer is also a 3 page standard document filed in all Social Security cases in this district. Further, the memorandum opinion and order filed in this case totaled 7 pages, while the motion for an extension of time to file brief is a 2 page document. We find this time to be excessive, and do not believe that is should have taken an attorney experienced in social security law this amount of time to complete these tasks. Therefore, we will deduct 1.90 hours from the total number of compensable hours.

Counsel also seeks 1.50 hour compensation for paralegal time. However, we note that the preparation of summonses and service of process letters prepared by counsel's paralegal could have been prepared by general support staff. Therefore, these services are not compensable under EAJA.

Finally, counsel seeks reimbursement for $47.50 in expenses incurred with regard to the postage and copies. Such expenses are recoverable under the EAJA and we find $47.50 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 19.40 (27.80-8.40) hours for attorney's fees at the hourly rate of $146.00 per hour and $47.50 in expenses for a total attorney's fee award of $2879.90. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff. Further, this award should be paid directly to plaintiff's counsel. *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).

AO72A
(Rev. 8/82)

IT IS SO ORDERED this 10th day of November 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**